UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PAMELA MATHEWS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO. 3:10cv390 ) |
| CITY OF SOUTH BEND, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on a "Motion to Correct Error", filed by the plaintiff, Pamela Mathews ("Mathews") on May 29, 2013. Mathews is proceeding *pro se*. The defendants, City of South Bend ("the City"), and Aladean M. DeRose in her individual and official capacities ("DeRose"), filed their response on June 25, 2013, to which Mathews replied on July 19, 2013.

For the following reasons, the motion to correct will be denied.

## Discussion

On May 16, 2013, this court entered its Opinion and Order granting defendants' motion for summary judgment and denying Mathews motion to strike, finding that "no defendants or claims remain in this case" and ordering that a Clerk's Judgment be entered.

Mathews has now filed a motion to correct errors, citing to Indiana Trial Rule 59. However, Mathews' case is in federal court, and the Indiana Trial Rules are not applicable. In any event, even under the applicable Federal Rule of Civil Procedure, Rule 60(b), Mathews' motion must be denied. Mathews has failed to set forth any evidence in support of her motion. Her motion consists of segments of varying court rules from various jurisdictions and general commentary, none of which are applicable to this case.

Mathews makes a jumbled claim relating to the defendants' motion for extension of time to file motion for summary judgment, which was granted on November 19, 2012. Mathews asserts that she did not know that the defendants' motion had been granted. However, the record is clear that the motion for summary judgment was filed on December 19, 2012, and that a notice of the motion was filed on this same date, advising Mathews that the motion was filed and that she had an obligation to respond. Mathews responded by filing a motion to strike the motion for summary judgment, which motion was denied. Clearly, even if Mathews was somehow unaware that the court had granted the defendants' motion for extension of time, Mathews was on notice that the summary judgment motion had been filed on December 19, 2012, and Mathews, in fact, responded. If Mathews was confused at that point, or unsure of her duty to fully respond to that motion, she could have easily checked with the Clerk's Office and inquired as to the status of the case. Additionally, she could have visited the Clerk's Office in person and reviewed the docket. The court is not under an obligation to ensure that every Order issued by the court is actually received and read by the parties. Orders are mailed to the address on record and that is the end of the matter as far as the Court is concerned. Mathews has no basis to assert a claim pursuant to Rule 60(b) and her motion will be denied.

## Conclusion

On the basis of the foregoing, Mathews' motion to correct [DE97] is hereby DENIED.

Entered: August 9, 2013.

s/ William C. Lee
William C. Lee, Judge
United States District Court